UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/16/04_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GERD THIELEBULE,
             Plaintiff,

     - against -                      04 Civ. 08460 (RJH)

GERMANISCHER LLOYD ( U.S.A.) , INC., et al,
             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## Initial Scheduling Conference Notice and Order

This action has been assigned to Judge Richard J. Holwell for all purposes.

An initial scheduling conference will be held in this case on **February 04, 2004** at **10:00** am, in Courtroom 17B at the U.S. Courthouse, 500 Pearl Street, New York, New York 10007. Counsel for all parties are required to appear at this conference. Any requests for adjournments must be made in writing and must be received in Chambers not later than 48 hours before the scheduled time. Alternative dates that are mutually agreeable to all parties must be suggested when requesting to re-schedule the initial scheduling conference. Parties should consult the enclosed Individual Rules of Judge Holwell with respect to communications with Chambers and related matters. The parties are advised that all orders after this Initial Scheduling Conference Notice and Order will be issued via the Electronic Case Filing ("ECF") system and parties will not be sent copies by mail or facsimile. Parties should direct questions regarding ECF to the ECF Help Desk at 212-805-0800.

Counsel receiving this Order shall promptly mail copies hereof, including the attached Individual Rules of Judge Holwell, to all other counsel of record or, in the case of parties for which no appearance has been made, to such parties.

Counsel for all parties are directed to confer to propose a joint scheduling report pursuant to Fed. R. Civ. P. 26(f). The report should be submitted to Chambers three days before the initial scheduling conference and should include the following:

1.    Description of the Case
    a.  Identify the attorneys of record for each party, including lead trial attorney;
    b.  State the basis for federal jurisdiction;
    c.  Briefly describe the claims asserted in the complaint and any counterclaims;
    d.  State the major legal and factual issues in the case; and
    e.  Describe the relief sought.

2.    Proposed Case Management Plan
    a.    Identify all pending motions;
    b.    Propose a cutoff date for joinder of additional parties;
    c.    Propose a cutoff date for amendments to pleadings;
    d.    Propose a schedule for completion of discovery, including:
        i. A date for Rule 26(a)(1) disclosures, if not previously
        completed;
        ii.    A fact discovery completion date;
        iii.    A date for Rule 26(a)(2) disclosures; and
        iv.    An expert discovery completion date, including dates for
        delivery of expert reports;
    e.    Propose a date for filing dispositive motions;
    f.    Propose a date for filing a final pretrial order; and
    g.    Propose a trial schedule, indicating:
        i. Whether a jury trial is requested;
        ii.    The probable length of trial; and
        iii.    When the case will be ready for trial.

3.    Consent to Proceed Before a Magistrate Judge – Indicate whether the
parties consent unanimously to proceed before a Magistrate Judge.

4.    Status of Settlement Discussions
    a.    Indicate whether any settlement discussions have occurred;
    b.    Describe the status of any settlement discussions; and
    c.    Whether parties request a settlement conference.


SO ORDERED


Dated: New York, New York
      November 12, 2004

                    Richard J. Holwell
                United States District Judge

# INDIVIDUAL PRACTICES
## OF JUDGE RICHARD J. HOLWELL

**Chambers**

United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007
Phone:  (212) 805-0256
Fax:  (212) 805-7948

**Courtroom 17B**

500 Pearl Street
William J. Donald
Courtroom Deputy Clerk
(212) 805-4634

**Unless otherwise ordered by Judge Holwell, matters before Judge Holwell shall be conducted in accordance with the following practices:**

## 1.    Communications with Chambers

**A.    Letters.**  Except as otherwise provided below, communications with Chambers shall be by letter, with copies simultaneously delivered to all counsel.  Copies of correspondence between counsel shall not be sent to the Court.

**B.    Telephone Calls.**  Except as provided in Paragraph 1(D) below, telephone calls to Chambers are permitted only in emergency situations requiring immediate attention.  In such situations only, call Chambers at (212) 805-0256.

**C.    Faxes.**  Faxes to Chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel.  No document longer than 4 pages may be faxed without prior authorization.  Do not follow with hard copy.  The fax number is (212) 805-7948.

**D.    Docketing, Scheduling and Calendar Matters.**  For docketing, scheduling and calendar matters, call the Deputy Clerk, William Donald, at (212) 805-4634.

**E.    Requests for Adjournments or Extensions of Time.**  All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.  If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached.  If the request is for an adjournment of a court appearance, absent an emergency, it shall be made at least 48 hours prior to the scheduled appearance.

## 2.    Motions

**A.    Pre-Motion Conferences in Civil Cases.**  For discovery motions, follow Local Civil Rule 37.2.  A pre-motion conference with the Court is required before making a motion for summary judgment.  To arrange a pre-motion conference regarding summary judgment, the moving party shall submit a letter not to exceed three pages in length setting forth the basis for the anticipated motion.  Pre-motion conferences are not required for other motions.

**B.    Courtesy Copies.**  Two courtesy copies of all motion papers, marked as such, shall be submitted to Chambers at the time the papers are served.

**C.    Memoranda of Law.**  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  Memoranda of 10 pages or more shall contain a table of contents.  The memoranda shall be double-spaced and use 12-point font for text and footnotes.  Citations to authority not available in Westlaw or Lexis/Nexis should be accompanied by copies of the cited materials.

**D.    Filing of Motion Papers.**  Motion papers shall be filed promptly after service.

**E.    Oral Arguments on Motions.**  Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed.  The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**F.    Effect of a Motion on Notice of Appeal.**    Paragraph A above does not apply to any of the motions described in Federal Rule of Appellate Procedure 4(a)(4)(A).  A pre-motion conference is not required before making such motions, which should be filed when served.

## 3.    Pretrial Procedures

**A.    Joint Pretrial Orders in Civil Cases.**  Unless otherwise ordered by the Court, within 30 days from the date of the completion of discovery in a civil case, the parties shall submit to the Court for its approval a joint pretrial order, that includes the information required by Federal Rule of Civil Procedure 26(a)(3), and the following:

    i.    The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

    ii.    A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or

absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

iii.    A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

iv.    A statement by each party setting forth and calculating with specificity each element of damages sought with respect to each claim that remains to be tried.

v.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi.    A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii.    Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

viii.    A list of all witnesses, with a brief summary of the substance of each witness's testimony and an indication whether such witnesses will testify in person or by deposition. No witness not identified herein shall be permitted to testify in either party's case in chief absent good cause shown.

ix.    A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations by any other party. Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.

x.    A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground. The list shall include a description of each exhibit. The grounds for the objection to the admissibility of any exhibit shall be stated in summary form. Any objections not set forth in the pretrial order shall be considered waived absent good cause shown.

**B.    Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file the following at the time of the filing of the final pretrial order:

     i.     In jury cases, requests to charge and proposed *voir dire* questions. When feasible, proposed jury charges should also be submitted on a 3.5" diskette in Microsoft Word 97 or higher format;

     ii.     In all cases, motions addressing any evidentiary or other issues which should be resolved *in limine*;

     iii.     In any case where such party believes it would be useful, a pretrial memorandum; and

     iv.     In non-jury cases, Proposed Findings of Fact and Conclusions of Law. The Proposed Findings of Fact should be detailed; there may be no opportunity for post-trial submissions. The Proposed Findings shall address with specificity each element of damages claimed.

     **C.**     **Filings in Opposition.** Any party may file the following documents within one week of the filing of the pretrial order, but in no event less than three days before the scheduled trial date:

     i.     Objections to another party's requests to charge or proposed *voir dire* questions;

     ii.     Opposition to any motion *in limine*;

     iii.     Opposition to any legal argument in a pretrial memorandum.

     **D.**     **Courtesy Copies.** Two courtesy copies of the joint pretrial order and all documents filed or served with the pretrial order should be submitted to Chambers on the date of filing or service.

**4.**     **Conferences**

     **A.**     **Principal Trial Counsel.** The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

     **B.**     **Initial Case Management Conference.** The Court will generally schedule a Fed.R.Civ.P. 16 (b) conference within three months of the filing of the Complaint. The Notice of Initial Pretrial Conference will be mailed to plaintiff's counsel, who will be responsible for distributing copies to all parties. The parties' report pursuant to Fed.R.Civ.P. 26(f) and two courtesy copies of the pleadings should be delivered by plaintiff's counsel to Chambers three days prior to the conference date.