EFL\cp
X:gla\1000\answer
UNITED STATES SOUTHERN DISTRICT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| GERD THIELEBEULE | ANSWER |
| Plaintiff | |
| - against - | 04 CV 8460 |
| GERMANISCHER LLOYD (U.S.A), Inc. and GERMANISCHER LLOYD, A.G. | Judge Holwell |
| Defendant | |

-------------------------------------------------------------X

Defendants Germanischer Lloyd (U.S.A), Inc. and Germanischer Lloyd, A.G. by and through their attorney answer the summons and complaint of the plaintiff as follows:

### Jurisdiction and Venue

1. Admits each and every allegation contained in paragraph "1" of the summons and complaint.

2. Admits each and every allegation contained in paragraph "2" of the summons and complaint.

### Parties

3. Admits each and every allegation contained in paragraph "3" of the summons and complaint upon information and belief.

4. Admits each and every allegation contained in paragraph "4" of the summons and complaint upon information and belief.

5. Admits each and every allegation contained in paragraph "5" of the summons and complaint upon information and belief.

6.   Admits each and every allegation contained in paragraph "6" of the summons and complaint upon information and belief.

7.   Denies each and every allegation contained in paragraph "7" of the summons and complaint as to the subsidiary, but admits as to representative of GLAG in North America.

## Employment Relationship

8.   Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the summons and complaint.

9.   Admits each and every allegation of paragraph "9" of the summons and complaint up to 1992 and denies as to remaining allegations contained

10.   Admits each and every allegation contained in paragraph "10" of the summons and complaint.

11.   Admits each and every allegations contained in paragraph "11a"

-   Denies each and every allegation in paragraph "11b" of the summons and complaint, insofar as plaintiff warranted to work not less than 40 hours per week.

-   Admits each and every allegation contained in paragraph "11c" of the summons and complaint.

-   Admits each and every allegation contained in paragraph "11d" of the summons and complaint.

-   Admits each and every allegation contained in paragraph "11e" of the summons and complaint.

12.  Admits each and every allegation contained in paragraph "12a" of the summons and complaint.

-  Admits each and every allegation contained in paragraph "12b" of the summons and complaint.

-  Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph "12c" of the summons and complaint.

-  Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph "12d" of the summons and complaint.

-  Denies each and every allegation contained in paragraph "12e" of the summons and complaint.

-  Denies each and every allegation contained in paragraph "12f" of the summons and complaint.

-  Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12g" of the summons and complaint.

13.  Admits each and every allegation contained in paragraph "13" of the summons and complaint.

14.  Admits each and every allegation contained in paragraph "14" of the summons and complaint.

15.  Admits each and every allegation contained in paragraph "15" of the summons and complaint.

16.  Admits each and every allegation contained in paragraph "16" of the summons and complaint.

17. Denies each and every allegation as to GL USA contained in paragraph "17" of the summons and complaint.

18. Denies each and every allegation contained in paragraph "18" of the summons and complaint.

19. Denies each and every allegation contained in paragraph "19" of the summons and complaint.

20. Denies each and every allegation contained in paragraph "20" of the summons and complaint.

21. Admits each and every allegation as to GL USA, contained in paragraph "21" of the summons and complaint and denies any knowledge or information sufficient to form a belief as to the allegations.

22. Denies any knowledge or information sufficient to form a belief as to the plaintiff s winding up activities and denies as to the remaining allegations in paragraph "22" of the summons and complaint.

## FIRST CAUSE OF ACTION
### Breach of Contract

23. Answering paragraph numbered "23" of the summons and complaint, defendants repeat, reiterate and reallage each and every response contained in paragraphs "1" through "22" of this answer.

24. Denies each and every allegation contained in paragraph "24" of the summons and complaint.

25. Denies each and every allegation contained in paragraph "25" of the summons and complaint.

26. Denies each and every allegation contained in paragraph "26" of the summons and complaint

27. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of the summons and complaint.

28. Denies each and every allegation contained in paragraph "28" of the summons and complaint.

29. Denies each and every allegation contained in paragraph "29" of the summons and complaint.

30. Admits each and every allegation contained in paragraph "30" of the summons and complaint.

31. Admits each and every allegation contained in paragraph "31" of the summons and complaint.

32. Denies each and every allegation contained in paragraph "32" of the summons and complaint.

33. Denies each and every allegation contained in paragraph "33" of the summons and complaint.

34. Denies each and every allegation contained in paragraph "34" of the summons and complaint.

35. Admits each and every allegation contained in paragraph "35" of the summons and complaint.

36. Denies each and every allegation contained in paragraph "36" of the summons and complaint.

37. Denies each and every allegation contained in paragraph "37" of the summons and complaint.

38. Denies each and every allegation contained in paragraph "38" of the summons and complaint.

39. Admits each and every allegation contained in paragraph "39" of the summons and complaint.

40. Denies each and every allegation contained in paragraph "40" of the summons and complaint.

41. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of the summons and complaint.

42. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of the summons and complaint.

43. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of the summons and complaint.

44. Denies each and every allegation contained in paragraph "44" of the summons and complaint.

45. Admits each and every allegation contained in paragraph "45" of the summons and complaint.

46. Admits each and every allegation contained in paragraph "46" of the summons and complaint.

47. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the summons and complaint.

48. Denies each and every allegation contained in paragraph "48" of the summons and complaint.

49. Denies each and every allegation contained in paragraph "49" of the summons and complaint.

50. Admits each and every allegation contained in paragraph "50" of the summons and complaint.

51. Denies each and every allegation contained in paragraph "51" of the summons and complaint.

52. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "52" of the summons and complaint.

53. Denies each and every allegation contained in paragraph "53" of the summons and complaint.

54. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "54" of the summons and complaint.

55. Denies each and every allegation contained in paragraph "55" of the summons and complaint.

56. Admits each and every allegation contained in paragraph "56" of the summons and complaint.

57. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "57" of the summons and complaint

58. Denies each and every allegation contained in paragraph "58" of the summons and complaint.

SECOND CAUSE OF ACTION
Violation of New York Labor Law

59. Answering paragraph numbered "59" of the summons and complaint, defendants repeat, reiterate and reallage each and every response contained in paragraphs "1" through "58" of this answer.

60. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "60" and respectfully refers questions of law to the court.

61. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "61" and respectfully refers questions of law to the court.

62. Denies each and every allegation contained in paragraph "62" of the summons and complaint.

63. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "63" and respectfully refers questions of law to the court.

64. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "64" and respectfully refers questions of law to the court.

65 Denies each and every allegation contained in paragraph "65" of the summons and complaint.

66. Denies each and every allegation contained in paragraph "66" of the summons and complaint.

67. Denies each and every allegation contained in paragraph "67" of the summons and complaint.

68. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "68" and respectfully refers questions of law to the court.

69. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "69" and respectfully refers questions of law to the court.

70. Denies each and every allegation contained in paragraph "70" of the summons and complaint.

71. Denies each and every allegation contained in paragraph "71" of the summons and complaint.

THIRD CAUSE OF ACTION
Violation of California Labor Code

72. Answering paragraph numbered "72" of the summons and complaint, defendants repeat, reiterate and reallage each and every response contained in paragraphs "1" through "71" of this answer.

73. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "73" and respectfully refers questions of law to the court.

74. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "74" and respectfully refers questions of law to the court.

75. Denies each and every allegation contained in paragraph "75" of the summons and complaint.

76. Denies each and every allegation contained in paragraph "76" of the summons and complaint.

77. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "77" and respectfully refers questions of law to the court.

78. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "78" and respectfully refers questions of law to the court.

79. Denies each and every allegation contained in paragraph "79" of the summons and complaint.

80. Denies each and every allegation contained in paragraph "80" of the summons and complaint.

81. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "81" and respectfully refers questions of law to the court.

82. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "82" and respectfully refers questions of law to the court.

WHEREFORE:

A. Denies each and every allegation contained in paragraphs "A", "B", "C" and "D" of the Ad Damnum of the complaint.

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

83. Pursuant to terms of the agreement between the parties, plaintiff has waived his right to recover the sums claimed therein and is estopped from bringing said action.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

84. These defendants liabilities are limited pursuant to the terms of its contract with the plaintiff.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

85. That the complaint of the plaintiff herein fails to state a cause of action against these answering defendants.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

86.     Upon information and belief, there is another undetermined action now pending in the United States Southern District, between the plaintiff and these defendants for causes of action as are alleged in the complaint herein.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

88.     That the plaintiff did not commence this action within the time prescribed by the applicable statue of limitations and therefore is barred and the court has no jurisdiction herein.

## AS AND FOR THE FIRST COUNTER-CLAIM AGAINST THE PLAINTIFF GERD THIELEBEULE, THE DEFENDANTS, GLAG AND GL USA ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:

89.     In or about the year 2002, plaintiff was requested to temporarily relocate on behalf of his then employer G.L.A.G. to Algeria and to establish a valid and legal entity under the law of Algeria by which the defendant G.L.A.G. could perform services for its worldwide clients, or their assets located in Algeria, either temporarily or permanently. Said direction specifically included operations and management of said entity pursuant to IS0 2000 international standards.

90.     Under the terms and conditions of the above employment direction, the plaintiff GERD THIELEBEULE was to act as the agent of the disclosed principal G.L.A.G., while performing all such duties as a "borrowed servant" of G.L. U.S.A.

91.     At all such times, G.L. U.S.A. did not direct plaintiff operational duties, except to require that defendants perform all corporate contractual obligations including all fiduciary duties relating thereto.

92.  While plaintiff THIELEBEULE was employed by defendant, he was authorized to establish a branch service office of G.L.A.G. in Algeria for or on behalf of the corporate business purpose and opportunities of G.L.A.G.

93.  As such, plaintiff THIELEBEULE was privy to and participated in management discussions and given information as to corporate opportunities in Algeria by defendant plaintiff G.L.A.G.

94.  Plaintiff THIELEBEULE acting contrary to the purposes and intent established himself as the sole signatory of corporate banking accounts and related business accounts in Algeria in breach of his duties to the defendants and in violation of the standards of IS0 2000; and his employer G.L.A.G.

95.  On or about July 5, 2002 plaintiff GERD THIELEBEULE entered into a written trust agreement, and on or about September 20, 2003 an agreement to sell EURL GERMANISCHER LLOYD ALGERIE to a holding company named Elbe Holding GmbH and G.L.A.G.

96.  Plaintiff GERD THIELEBEULE has breached both of the above agreements and has thereby caused detriment to the defendants.

97.  On September 30, 2003 in part because of the above acts and omissions, the defendants terminated plaintiff from their employ.

98.  Prior to September 30, 2003, plaintiff was in violation of his fiduciary obligations as an employee and officer of EURL GERMANISCHER LLOYD ALGERIE among other things.

    A.    Caused EURL GERMANISCHER LLOYD ALGERIE to be formed without transfer of ownership of any shares to its beneficial owner G.L.A.G.

    B.    Obtained a lease for space in Algeria in which plaintiff is named as the lessor and not defendant G.L.A.G. contrary to G.L.A.G. beneficial interests.

    C.    Opened banking and checking accounts and otherwise engaged in the business of G.L.A.G. contrary to fiduciary obligations.

    D.    Refrained from taking advantage of commercial opportunities available to defendant G.L.A.G. with the intent and purpose of saving such opportunities for plaintiff himself and thereafter plaintiff has exploited such opportunities for his own benefit.

    E.    Attempted to and did divert trade from the defendant G.L.A.G.

99. The foregoing acts of plaintiff were willful and malicious and had the design to oppress and injure the business of the defendants.

100. By reason of the foregoing, the plaintiff should account to the defendant for:

    (a) the compensation received by the plaintiff THIELEBEULE from the defendant from the commencement of his disloyal acts to date; and

    (b) the gains made by the plaintiff as a result of his wrongful conduct.

    (c)    expenses incurred by GLAG in the protection of its interests in Algeria

in the amount of ∈ 785,000.

101.    Defendants have no adequate remedy at law.

### AS AND FOR THE SECOND COUNTER-CLAIM AGAINST THE PLAINTIFF GERD THIELEBEULE, THE DEFENDANTS, GLAG AND GL USA ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:

102.    Defendants reallege the allegations in the above counter claim.

103.    Prior to July 5, 2002, plaintiff did not let the defendants know by word or deed that he was taking steps to open a Germanischer Lloyd Algeria business contrary to G.L.A.G. instructions.

104.    Plaintiff deliberately concealed his intentions and acts in order to deceive defendants.

105.    Such concealment by the plaintiff was material to his employment relationship with defendants and had defendants known of plaintiff's true intentions and acts, the plaintiff would have been discharged as an agent and employee of defendants immediately.

106.    By reason of the foregoing, the plaintiff should account to the defendants for:

    (a)    the compensation received by the plaintiff from the defendants from the commencement of his disloyal acts to date; and

    (b)    the gains made by the plaintiff as a result of his wrongful conduct.

107. Defendants have no adequate remedy at law.

## AS AND FOR THE THIRD COUNTER-CLAIM AGAINST THE PLAINTIFF GERD THIELEBEULE, THE DEFENDANTS, GLAG AND GL USA ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:

108. Defendants reallege the allegations in the above counter claims.

109. Defendants have been long time service organizations dealing with specialized technical clients worldwide and in specific countries therein. The client list of Defendants are unique and valuable because it contains names, contact persons and locations for a select group of vendors who retain defendants for its specialized needs.

110. The names and locations of those vendors in Algeria and worldwide are set forth in defendants' client list and in plaintiffs client list for Algeria, both of which are not readily ascertainable.

111. Upon information and belief, plaintiff has retained the client lists of defendants which are proprietary and valuable assets of defendants.

112. By reason of his acquaintance with and knowledge of the names and addresses and possession of the customer list of defendants' customers. Plaintiff GERD THIELEBEULE has been able to, and has induced customers to, withdraw their patronage from defendants and consider transfer such patronage to plaintiff as a competitor.

113. Defendants have been advised by one of its clients that plaintiff is using the knowledge and opportunity resulting from the plaintiff's former association with defendants to seek to divert customers from plaintiffs.

114. Plaintiff GERD THIELEBEULE was advised that the client's list and other confidential corporate documents were proprietary to defendants.

115. Because plaintiff misappropriated defendants' client list, and accounting information, all of which were confidential, not readily ascertainable, and required a large expenditure of time and money to acquire by defendants, the plaintiff has engaged in unfair competition.

116. As a result of the foregoing, plaintiff has also interfered with defendants' business relationship with its clients.

117. Unless plaintiff is enjoined and restrained from continuing to utilize the misappropriated client list, he will continue to solicit the customers and former clients of defendants, whose names and addresses were obtained by plaintiff while in the employ of defendants, it will be impossible to determine the exact amount of damage that the defendants will sustain by reason of such acts, and if defendant is permitted to continue to obtain defendants' clients, defendants have and will continue to suffer great and irreparable injury and damage. The extent and nature of such injury is impossible to determine at this time.

118. Defendants have no adequate remedy at law.

*WHEREFORE*, defendants demand judgment on the counterclaims.

(A) On the first, second, and third counterclaims of action, that the Plaintiff account to the defendants for:

   (1) the compensation received by the plaintiff from the defendants from the commencement of plaintiff's disloyal acts to date;

   (2) the gains made by the plaintiff as a result of his wrongful conduct; and

   (3) expenses incurred by GLAG in the amount of ∈ 785,000 as of exchange rate on May 17, 2004;

(4)  punitive damages of one million ($1,000,000.00) dollars.

(5)  appropriate interest, the costs and disbursements of this action and for such other and further relief as to this Court may seem just, proper and equitable.

WHEREFORE, defendants G.L.A.G. and GL USA demands judgment dismissing the Complaint of the plaintiff herein as to said defendants together with the costs, fees and disbursements of this action, and further demands pursuant to ultimate rights of said parties as between themselves be determined in this action; and that the defendants G.L.A.G. and GL USA have judgment over and against the plaintiff for the amount of any verdict or judgment which may have been recovered against the defendants G.L.A.G. and GL USA in this action, together with all cost and disbursements of this action

Dated: New York, New York
       December 10, 2004

_____
Edwin F. Lambert, Jr. (2747)
BARRY, McTIERNAN & MOORE
Attorneys for Defendants
2 Rector Street, 14th Floor
New York, New York 10006
Tel. No.: 212-608-8999